

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Tom N. Cope
County Attorney
Atlanta, Texas

Dear Mr. Cope:                    Opinion No. O-6783

Re: Has the County Court of Cass
County authority to require
the State Registrar to issue
a certified copy of a birth
or death certificate wherein
a child or an adult is stated
to be illegitimate.

Your letter of August 15th, submitting the above question, has been given our careful consideration. As revealed by the acts of the Legislature, the civil and criminal jurisdiction of the County Court of Cass County was transferred exclusively to the District Court of Cass County in 1879.

In 1927 the Legislature passed Article 4477 with its various rules and subdivisions, designating same as the "Sanitary Code for Texas." This has been amended in many respects by the various Legislatures since said time.

In 1939 the Legislature amended Section 25 of Rule 47A of said Act so as to prohibit the State Registrar, as well as the local Registrar, from issuing a certified copy of any birth or death certificate, wherein a child or an adult is stated to be illegitimate, unless such certified copy was ordered by "a court of competent jurisdiction."

In 1945 the Legislature again amended said Section 25 of Rule 47A by House Bill 415. The caption of said bill states specifically that said Section 25 of Rule 47A of Article 4477 is to be amended "so as to give a court of competent jurisdiction and the County Court in the county where the birth or death occurred authority to order the County Clerk and the State Registrar to issue a certified copy of any birth or death certificate wherein a child or adult is stated to be illegitimate."

Insofar as material here, the body of the Act itself reads:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Neither the State Registrar nor any local registrar shall issue a certified copy of any birth or death certificate wherein a child or an adult is stated to be illegitimate unless such certified copy is ordered by the County Court in the county in which said child was born or died, or by a court of competent jurisdiction, or by said illegitimate person or the guardian or legal representative thereof."

The emergency clause to the Act of 1945 reads in part as follows:

"The fact that there is confusion as to whether the County Court would have authority to enter an order authorizing the County Clerk or State Registrar to issue certified copies of birth or death certificates of illegitimate persons, and the fact that said illegitimate person cannot get a certificate of its birth upon request nor can a certificate of death be obtained except upon order of the court creates an emergency."

Rule 51A of said Sanitary Code provides a method for determining the date of the birth or death of any and all persons not previously registered, and provides that the evidence relative thereto shall be submitted to the Probate Court in the county where the birth or death of the person occurred. Upon the judge of the Probate Court ascertaining the facts, same are certified to the State Registrar, and the deferred registrations can thereby be consummated and perfected.

Unquestionably, under the Act as passed in 1945, the County Court in all counties, wherein the civil and criminal jurisdiction has not been transferred to the District Court, has authority to issue an order requiring the Registrar to give a certified copy of the certificate of birth or death, under the stated facts.

The question to be determined in the case at bar is whether the County Court in Cass County, and others similarly situated, have authority under the Act passed in 1945 to require the State Registrar to issue a certified copy of the birth or death certificate, under conditions inquired about. A careful examination of the Act of 1945 reveals that the only material change made in the law in question was to insert the

words "or by the County Court in the county in which said child was born or died." When we read the caption, the body of the Act and the emergency clause, it appears that all of them speak the same language, namely, that the Legislature intended to give to the County Court of the county where the child was born or died authority to require the certificates in question to be issued.

It is our considered opinion that regardless of the fact that in some counties like Cass, the Legislature has in days gone by given the District Court exclusive jurisdiction in all civil and criminal cases, the Act of 1945 gives to these County Courts, as well as to all other County Courts, the power and authority to enter an order requiring the Registrar to issue certified copies of the birth and/or death certificate under the conditions inquired about.

If the Legislature had intended the Act to apply only to those counties in which the civil and criminal jurisdiction had not been removed to the District Court, it could have so provided. Instead, however, they conferred that jurisdiction upon each and every County Court in the State. It is therefore our opinion that the County Court in Cass County can, if the facts justify, issue an order requiring the State Registrar to issue and deliver a certified copy of the birth and/or death certificates involved in your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Geo. W. Barcus
Assistant

GWB-MR